United States District Court
Southern District of Texas
**ENTERED**
September 28, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| Jennifer Desir,<br>*Plaintiff*, | §<br>§<br>§ | |
| v. | § | Civil Action H-25-6240 |
| J&P Asset Management, et al.,<br>*Defendants*. | §<br>§<br>§ | |

**MEMORANDUM AND RECOMMENDATION AND ORDER**

This case has been referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1). ECF No. 4. Pending before the court are (1) Defendants' Motion to Dismiss Plaintiff's Amended Complaint, ECF No. 21; (2) Defendants' Opposed Motion to Strike Plaintiff's Second Amended Complaint, ECF No. 26; and (3) Plaintiff's Motion for Leave of Court to Amend Complaint, ECF No. 27.

The court recommends that Defendant's Motion to Dismiss Plaintiff's Amended Complaint, ECF No. 21, be **GRANTED**.

Defendants' Opposed Motion to Strike Plaintiff's Second Amended Complaint, ECF No. 26, is **GRANTED**. Additionally, Plaintiff's Motion for Leave of Court to Amend Complaint, ECF No. 27, is **DENIED**.

***1. Background Facts and Procedural History***

On December 23, 2025, pro se Plaintiff Jennifer Desir sued three hotels and J&P Asset Management. ECF No. 1 at 2–3. Desir alleged that she was discriminated against and harassed on several occasions while staying as a guest at the defendant–hotels' establishments. *Id.* at 7–11. In her form Complaint, as the basis for jurisdiction, Desir checked the box corresponding to federal question jurisdiction. *Id.* at 3. She stated that the specific

federal statutes at issue were 28 U.S.C. Section 1331 (federal question jurisdiction), 42 U.S.C. Section 2000a (discrimination in public accommodations, including hotels), 42 U.S.C. Section 2000a-1 (discrimination on the ground of race, color, religion, or national origin), 18 U.S.C. Section 1344 (criminal bank fraud), and 18 U.S.C. Section 2261A (criminal stalking). *Id.* Desir did not check the box to indicate that the court had diversity jurisdiction. Moreover, Desir did not allege the citizenship of the named defendants. She merely listed the Texas-based street addresses for each of the four defendants. *Id.* at 2–3. She stated that she, too, resided in Texas. *Id.* at 1. Desir appears to have requested a total of fifteen million dollars in damages. *Id.* at 10.

In March 2026, Desir filed an amended complaint. ECF No. 12. The Amended Complaint names only one Defendant—J&P Asset Management. *Id.* According to Desir, J&P "represents" the three originally named defendant–hotels. ECF No. 29 at 2–3. The Amended Complaint lists only Texas state law causes of action, including "Duty Premises Liability / Negligence," "Construct[ive] Fraud," "Intentional Misrepresentation," and "Intentional infliction of emotional distress." ECF No. 12 at 12–18. Desir did not include a jurisdictional statement in the Amended Complaint. She did not allege her own citizenship or that of J&P. Moreover, she did not allege any amount in controversy. The Amended Complaint states only that Desir requests "[p]unitive, compensatory damages as well as an injunction relief and all other relief the court deems fair . . . ." *Id.* at 18.

The four originally named defendants (collectively, Defendants) filed a Motion to Dismiss Desir's Amended Complaint. ECF No. 21. Defendants assert that the court lacks subject matter jurisdiction, warranting dismissal under Rule 12(b)(1). *Id.* at 5, 8–9. They note that Desir's Amended Complaint did not include any federal causes of action, it did not allege the citizenship of any

party, and it did not identify an amount-in-controversy. *Id.* As an alternative basis for dismissal, Defendants assert that Desir's Amended Complaint fails to state a claim upon which relief can be granted. Id. at 6–7, 9–13. They also argue that further amendment of Desir's complaint would be futile, so any request for leave to amend the pleading should be denied. *Id.* at 13.

Desir late filed a response to the Motion to Dismiss. ECF No. 29. Despite the response's tardiness, Defendants did not object to its consideration. In her response, Desir argues the court has both diversity and federal question jurisdiction over the case. *Id.* at 2. As to federal question jurisdiction, Desir argues that the "[m]ajority of the claims Plaintiff invoked lacked codes statutes but stands under Concurrent Jurisdiction since they fall under common laws." *Id.* at 4. She did not specify the federal statutes under which her claims purportedly fall. As to diversity jurisdiction, Desir asserted that she had established it in her Original Complaint, and, as such, she was not required to later restate the facts to establish diversity jurisdiction. *Id.* at 4. The court again notes that, in her Original Complaint, Desir did not assert that the court had diversity jurisdiction over this case. *See* ECF No. 1 at 3–4.

The following week, without seeking leave of court, Desir filed a second amended complaint. ECF No. 25. Defendants moved to strike the pleading. ECF No. 26. Desir then filed a Motion for Leave to file her amended complaint. ECF No. 27. Desir stated that she had mistakenly filed her proposed second amended complaint without filing a copy of the Motion for Leave. *Id.* at 2. She stated that she "desires to amend her complaint to add [l]eft out facts and invoke the most appropriated [sic] statutes and events that is deemed necessary for judgment as real party Plaintiff pursuant to rules (Tex.R.Civ. P. 63 ) of Texas Rules of Civil Procedure." *Id.* at 1.

Defendants oppose Desir's request for leave to amend her complaint. ECF Nos. 30, 31. Defendants argue that the court should deny the request under Rule 15(b)(2) due to "undue delay, repeated failure to cure pleading deficiencies, undue prejudice to Defendants, and futility."[1] ECF No. 30 at 2. Defendants also filed a supplemental response to Desir's Motion to Leave. ECF No. 31. Attached to the supplemental response is a copy of purported emails exchanged between Desir, Defendants' counsel, and representatives of their law firm. ECF No. 31-1. In the first email, sent at 11:20 AM on July 29, 2026, an employee of Defendants' counsels' law firm stated that she had attached to the email a copy of "Defendants' Response for Leave to File Amend Complaint." *Id.* at 2. That same day, at 12:10 PM, Desir responded, using the same email address that she had listed in her Original Complaint. *Id.* at 2; ECF No. 1 at 1. Desir stated, in relevant part, "The Amended [Complaint] do seem futile now I agree." ECF No. 31-1 at 2. That statement, according to Defendants, "directly confirms the futility of [Desir's] proposed second amended pleading." ECF No. 31 at 1. Desir did not reply to Defendants' response or their supplemental response. She did not object to Defendants characterization of the emails or their authenticity.

***2. Desir's Amended Complaint is the operative pleading.***

The court first addresses the current state of the pleadings. Under Federal Rule of Civil Procedure 15, before trial and under certain conditions, a plaintiff may amend their complaint once as a matter of course. Fed. R. Civ. P. 15(a)(1). Once they have done so, additional amendments may be made "only with the

[1] Defendants also assert that Desir has not shown good cause to amend under Rule 16(b)(4). ECF No. 30 at 1. The court has not entered a scheduling order in this case. Accordingly, Rule 16(b)(4) does not apply.

opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

By filing her Amended Complaint, Desir amended her pleading once as a matter of course. ECF No. 12. Desir then filed a second amended complaint without leave of court. ECF No. 25. In her subsequent Motion for Leave of Court to Amend Complaint, ECF No. 27, Desir acknowledged that she had errantly filed her second amended complaint without attaching the motion for leave.

Because the second amended complaint was filed without leave of court, Defendants' Motion to Strike Desir's Second Amended Complaint, ECF No. 26, is **GRANTED**. The second amended complaint, ECF No. 25, is **STRIKEN** from the record. However, as described in Part 4 below, the court construes the document as Desir's proposed second amended complaint and considers it along with Desir's Motion for Leave of Court to Amend Complaint.

Desir's Amended Complaint, ECF No. 12, is the live pleading.

***3. J&P Asset Management is the sole defendant.***

Defendants assert that the originally named defendant–hotels should be dismissed from this action. ECF No. 21 at 7–8. The live pleading names J&P Asset Management as the sole Defendant. ECF No. 12 at 1, 12–18. In her response to the Motion to Dismiss, Desir clarifies that she intended for J&P to be the sole Defendant. ECF No. 29 at 3. Accordingly, the defendant–hotels—both Extended Stay America locations and WoodSpring Suites—should be **DISMISSED without prejudice**, leaving J&P Asset Management as the sole Defendant in this matter.

***4. Defendant's Motion to Dismiss should be granted.***

Defendant argues that the court lacks subject matter jurisdiction, warranting dismissal under Rule 12(b)(1). ECF No. 21. Defendant also argues that Desir's Amended Complaint fails to state a claim, warranting dismissal under Rule 12(b)(6). *Id.* Subject-matter jurisdiction is a threshold inquiry that must be resolved before the court considers whether the complaint states a claim under Rule 12(b)(6). *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). If jurisdiction is lacking, the court generally may not proceed to evaluate the legal sufficiency of the pleadings. *Ermuraki v. Renaud*, 987 F.3d 384, 386 (5th Cir. 2021). Accordingly, the court turns first to analysis of its subject matter jurisdiction.

"Federal courts are courts of limited jurisdiction[,]" and the presumption is that "a suit lies outside this limited jurisdiction." *Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 537 (5th Cir. 2017) (quoting *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001)). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Settlement Funding*, 851 F.3d at 534 (quoting *Volvo Trucks N. Am., Inc. v. Crescent Ford Truck Sales, Inc.*, 666 F.3d 932, 935 (5th Cir. 2012)).

On a motion to dismiss under Rule 12(b)(1), the court may consider "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *United States ex rel. Johnson v. Raytheon Co.*, 93 F.4th 776, 783 (5th Cir. 2024). The motion "should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief." *Home Builders Ass'n of Miss., Inc. v. City of Madison,* 143 F.3d 1006, 1010 (5th Cir. 1988).

Federal courts have original jurisdiction under federal question jurisdiction, 28 U.S.C. Section 1331, and diversity jurisdiction, 28 U.S.C. Section 1332. The party asserting jurisdiction has the burden to prove by a preponderance of the evidence that the court has subject matter jurisdiction. *In re S. Recycling, L.L.C.*, 982 F.3d 374, 379 (5th Cir. 2020) (citation modified). Desir argues that the court has both federal question jurisdiction and diversity jurisdiction over this matter. ECF No. 29 at 2. However, Desir has not met her burden of establishing jurisdiction on either ground.

### *A. The court does not have federal question jurisdiction.*

Defendants assert that the court lacks federal question jurisdiction because Desir's Amended Complaint does not include any federal claims. *E.g.*, ECF No. 25 at 2. Federal district courts have subject matter jurisdiction over all civil actions "arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. The court will apply the "well-pleaded complaint" rule. That is, "[a] federal question exists only [in] those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Singh v. Duane Morris LLP*, 538 F.3d 334, 337–38 (5th Cir. 2008) (citation and internal quotation marks omitted).

The court liberally construes pro se pleadings. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citation omitted). At the same time, even pro se plaintiffs are responsible for supplying facts that demonstrate the existence of a federal question. *Arunga v. ACLU Found.*, No. 09-6175, 2009 WL 3274784, at *1 (D. Or. Oct. 9, 2009). "[T]he mere recitation by plaintiffs of various sections of the United States Constitution and random United States Code citations is insufficient." *Id.* Moreover, "an amended complaint

supersedes and replaces an original complaint, 'unless the amendment specifically refers to or adopts the earlier pleading.'" *Eubanks v. Parker Cnty. Comm'rs Ct.*, 44 F.3d 1004 (5th Cir. 1995) (quoting *Wilson v. First Hou. Inv. Corp.,* 566 F.2d 1235, 1237 (5th Cir. 1978), *vacated on other grounds,* 444 U.S. 959 (1979)).

As explained above, Desir's Amended Complaint does not include any federal causes of action. It provides no basis to conclude that Desir's right to relief depends on resolution of a question of federal law. The court cannot exercise federal question jurisdiction over this case.

***B. Desir has not demonstrated that diversity jurisdiction exists.***

Defendants argue that Desir has failed to adequately allege a basis for diversity jurisdiction. ECF No. 21 at 8. Federal district courts have original diversity jurisdiction over civil actions between citizens of different States, in which the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1). Complete diversity "means that 'all persons on one side of the controversy [must] be citizens of different states than all persons on the other side.'" *Smith v. Toyota Motor Corp.*, 978 F.3d 280, 281 (5th Cir. 2020) (alteration in original) (quoting *McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004)).

The existence of complete diversity is generally measured at the time of filing. *SXSW, L.L.C. v. Fed. Ins. Co.*, 83 F.4th 405, 408 (5th Cir. 2023) (citing *Newman-Green, Inc. v. Alfonzo-Larrain*, 409 U.S. 826, 830 (1989)). For a case originating in federal court, the plaintiff "must distinctly and affirmatively allege the citizenship of the parties." *Howery*, 243 F.3d at 919 (citation modified). Failure to do so mandates dismissal. *Id.* (citing *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 805 (5th Cir. 1991)).

Neither Desir's Original Complaint nor her Amended Complaint establish a basis to conclude that diversity jurisdiction exists. Despite Desir's assertion to the contrary, the Original Complaint did not allege the citizenship of any of the named defendants. The Original Complaint did not even allege the existence of diversity jurisdiction. In the Amended Complaint, Desir also failed to allege the citizenship of the parties, and she failed to allege an amount-in-controversy. In response to Defendants' Motion to Dismiss, Desir stated that she "[p]rays for a General Sum of $ 30,000,000 dollars." ECF No. 29 at 19. However, she still did not allege that complete diversity of the parties exists. She merely asserted—incorrectly—that she had established diversity jurisdiction in her Original Complaint. Desir has not carried her burden of establishing that diversity jurisdiction exists.

Because there is no basis for the court to exercise original jurisdiction, the court recommends that Defendants' Motion to Dismiss, ECF No. 21, be **GRANTED**. The court further recommends that this case be **DISMISSED without prejudice**.

***5. Desir's Motion for Leave to Amend is denied.***

Desir requested leave to amend her complaint, and she submitted a proposed second amended complaint for the court's consideration. ECF Nos. 25, 27. After a party has amended its pleading once as a matter of course, but before the court has entered a scheduling order, Rule 15(a)(2) governs the amendment of pleadings. "The court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). If the plaintiff seeks leave to amend, she "must give the court at least some notice of what . . . her amendments would be and how those amendments would cure the initial complaint's defects." *Scott v. U.S. Bank Nat'l Ass'n*, 16 F.4th 1204, 1209 (5th Cir. 2021) (citation omitted).

"Dismissing an action after giving the plaintiff only one opportunity to state [their] case is ordinarily unjustified." *Davoodi v. Austin Indep. Sch. Dist.*, 755 F.3d 307, 310 (5th Cir. 2014) (quoting *Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986)). However, the court may deny leave "[i]f the plaintiff does not . . . explain how the defects could be cured[.]" *Id.* (citation omitted). The court may also deny leave to amend when amendment would be futile or when the plaintiff chooses to stand on her complaint and argues that it satisfies the pleading requirements. *See Khoury v. Thota*, No. 20-20578, 2021 WL 3919248, at *4 (5th Cir. 2021) (affirming the district court's denial of leave to amend when the plaintiff chose to stand on his complaint and argued that it satisfied the pleading requirements); *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993) (discussing futility of amendment as justification for denying leave to amend).

In some circumstances, courts may permit amendments to cure defective jurisdictional allegations in pleadings. 28 U.S.C. § 1653. However, the list of curable technical deficiencies in Section 1653 does not include the deletion of a non-diverse party. *See Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919–20 (5th Cir. 2001). A party can only use Section 1653 to cure jurisdictional defects by pointing to facts that *already exist* in the record. *See Whitmire v. Victus Ltd. T/A Master Design Furniture*, 212 F.3d 885, 890 (5th Cir. 2000) (emphasis added) (noting that the "prime concern" of Section 1653 is "avoiding attempts to retroactively create jurisdiction"). In other words, "if there is no evidence of diversity on the record, [the court] cannot find diversity jurisdiction, and [it] must dismiss the action for lack of jurisdiction" without permitting amendment of the pleading. *Howery*, 243 F.3d at 920.

Here, no scheduling order has been entered, so Rule 15(a)(2) governs. Desir submitted a proposed second amended complaint (Proposed SAC). The Proposed SAC does not cure the jurisdictional defects. While Desir states that Defendant "is an entity with its principal place of business in Cleveland, Ohio[,]" she asserts that the Defendant entity is an LLC. ECF No. 25 at 1. For purposes of diversity jurisdiction, "the citizenship of a[n] LLC is determined by the citizenship of all of its members"—not by the location of its principle place of business. *Soaring Wind Energy, L.L.C. v. Catic USA Inc.*, 946 F.3d 742, 750 (5th Cir. 2020). Accordingly, Desir's Proposed SAC still does not properly establish complete diversity of citizenship.

Desir has been on notice that she had not sufficiently established the existence of diversity jurisdiction since at least the filing of Defendants' Motion to Dismiss Desir's Amended Complaint. She had several opportunities to establish complete diversity of citizenship, yet she repeatedly failed to do so. Instead, when she responded to Defendant's Motion to Dismiss, she stood on the sufficiency of her complaint and insisted that she had already established diversity jurisdiction. She had not. Moreover, after being sent a copy of the Motion to Dismiss, Desir admitted that it would be futile to amend her complaint.

This case has been pending for more than nine months. In that time, Desir has dismissed four of the five originally named defendants, dropped all of her federal claims in favor of Texas state law claims, and repeatedly failed to establish the existence of diversity jurisdiction. Desir's Proposed SAC does not demonstrate any basis for exercise of the court's jurisdiction. The court agrees with Desir's own concession—it would be futile to allow Desir to amend her complaint. Accordingly, Desir's Motion for Leave of Court to Amend Complaint, ECF No. 27, is **DENIED**.

### *6. Conclusion*

The court recommends that Defendants' Motion to Dismiss Plaintiff's Amended Complaint, ECF No. 21, be **GRANTED**. The court further recommends that this case be **DISMISSED without prejudice**.

Defendants' Opposed Motion to Strike Plaintiff's Second Amended Complaint, ECF No. 26, is **GRANTED**. Plaintiff's Second Amended Complaint, ECF No. 25, is **STRIKEN** from the record.

Additionally, Plaintiff's Motion for Leave of Court to Amend Complaint, ECF No. 27, is **DENIED**.

The parties have fourteen days from service of this Memorandum and Recommendation to file written objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas, on September 28, 2026.

Peter Bray
United States Magistrate Judge